```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
TABERNA CAPITAL MANAGEMENT, LLC, as       :
Collateral Manager,                       :    08 Civ. 11355 (DLC)
                                          :
                Plaintiff,                :
                                          :    OPINION & ORDER
          -v-                             :
                                          :
GURPREET S. JAGGI,                        :
                                          :
                Defendant.                :
                                          :
-----------------------------------------X
```

Appearances:

For Plaintiff:

Jamie R. Welton
Deborah Deitsch-Perez
Robert M. Castle, III
Lackey Hershman, LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219

Suzan Jo
Duane Morris LLP
1540 Broadway, Suite 1400
New York, NY 10036

Patrick Matusky
Christopher L. Soriano
Duane Morris LLP
1940 Route 70 East
Cherry Hill, NJ 08003


For Defendant:

William D. Hummell
Kucker & Bruh LLP
747 Third Avenue, 12th Floor
New York, NY 10036

DENISE COTE, District Judge:

Plaintiff Taberna Capital Management, LLC ("Taberna" or "plaintiff") moves for leave to amend its complaint and to join as plaintiff the First Magnus Financial Corporation Litigation Trustee (the "Litigation Trustee").  In his opposition of February 19, 2010, defendant Gurpreet S. Jaggi ("Jaggi" or "defendant") cross-moves to transfer venue to the District of Arizona.  For the following reasons, plaintiff's motion is granted and defendant's cross-motion is denied.  Additionally, defendant's November 25, 2010 motion for summary judgment is terminated as moot.

## BACKGROUND

The facts below are taken from the October 27, 2008 complaint and are assumed to be true for the purpose of deciding this motion.  This dispute arises out of a sophisticated lending transaction involving First Magnus Capital, Inc. ("FMCI"), a corporation in which Jaggi was, at all relevant times, CEO, president, director, and substantial shareholder.  FMCI's subsidiary, the First Magnus Financial Corporation ("FMFC"), was a nationwide subprime mortgage lender.  In the course of deciding whether to make a $25 million loan to FMCI, Taberna furnished FMCI with a due diligence questionnaire ("the Questionnaire"), which Jaggi completed and then certified as

"correct and complete" on or about July 14, 2006.  The transaction closed on August 30, 2006.  FMCI thereafter defaulted on the $25 million loan, and FMFC and FMCI entered Chapter 11 bankruptcy in August 2007 and February 2008, respectively.

Taberna filed this lawsuit against Jaggi, alleging claims of fraud and negligent misrepresentation, in New York Supreme Court in October 2008.  Taberna purports to sue in its capacity as "Collateral Manager of the beneficial holder" of certain trust-preferred securities that were issued through the August 2006 transaction.  Taberna's complaint alleges that Jaggi's responses in the Questionnaire were materially false and misleading insofar as they failed to disclose the existence of certain illegal practices in FMFC's mortgage lending business.

Jaggi removed the suit to this Court on December 30, 2008. On March 23, 2009, Jaggi moved to dismiss this case for lack of personal jurisdiction or, in the alternative, to transfer venue to the District of Arizona.  This motion was denied on June 8, 2009.  After a series of letter submissions to confirm diversity of citizenship among the parties, the case proceeded to discovery.

On November 25, 2009, defendant filed a motion for summary judgment challenging plaintiff's standing to bring this lawsuit as well as the substantive merits of plaintiff's fraud and

3

misrepresentation claims. By letter of December 8, 2009, Taberna informed the Court that it had assigned "its claims, rights, title, and interest" in this suit to the Litigation Trustee.[1] Taberna subsequently filed this motion for leave to amend on January 20, 2010. Defendant's motion for summary judgment became fully submitted on February 3, 2010, and plaintiff's motion became fully submitted on February 25, 2010.

## DISCUSSION

### I.  Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and instructs that "[t]he court should freely give leave when justice so requires." "[I]t is within the sound discretion of the district court to grant or deny leave to amend." Green v. Mattingly, 585 F.3d 97, 104 (2d Cir. 2009) (citation omitted). A motion for leave to amend may be denied for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (citation omitted).

Prejudice to the opposing party is "the most important factor" in determining whether leave to amend should be granted

---

[1] The plaintiff represents that the Litigation Trustee is "responsible for litigating matters to recover money for creditors of FMFC." The Litigation Trust was created pursuant to an FMFC bankruptcy plan approved in May 2008.

or denied.  Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted).  "In gauging prejudice, [the court] consider[s], among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute."  Id. at 192 (citation omitted).  A court should not deny the right to amend on grounds of "mere delay," however, unless bad faith or undue prejudice are also present.  Id. at 191.

Defendant has not demonstrated that he would suffer "undue prejudice" if amendment were permitted.  Although Jaggi contends that Taberna should have moved to amend sooner, he does not allege that the delay was motivated by bad faith.[2]  Moreover, insofar as Jaggi complains that Taberna's proposed amended complaint adds new legal theories and is likely to expand the scope of discovery significantly, he has not demonstrated that this would prejudice his ability to carry out his defense.  See Cruz v. Coach Stores, Inc., 202 F.3d 560, 569 (2d Cir. 2000) (noting, in the Rule 15(b) context, that "a party cannot normally show that it suffered prejudice simply because of a change in its opponent's legal theory" (citation omitted)).

---

[2] Defendant also asserts that leave to amend should be denied on grounds of futility.  A proposed amendment is futile if it could not withstand a motion to dismiss.  See Oneida Indian Nation of N.Y. v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003).  The defendant has failed to show that this amendment is futile.

5

Given that only limited discovery has been taken in this case thus far, and given that Jaggi will have a full and fair opportunity to seek discovery on any new theories asserted in the amended complaint, Jaggi will suffer no undue prejudice.[3]

## II.  Joinder of the Litigation Trustee

Plaintiff also moves pursuant to Rule 25(c) to join the Litigation Trustee as a named plaintiff.  Rule 25(c) provides that "[i]n case of any transfer of interest, the action may be continued by . . . the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."  Fed. R. Civ. P. 25(c).  "Substitution of a successor in interest or its joinder as an additional party under Rule 25(c) is generally within the sound discretion of the trial court." Organic Cow, LLC v. Ctr. for New Eng. Dairy Compact Research, 335 F.3d 66, 71 (2d Cir. 2003) (citation omitted).  The "primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action." Banyai v. Mazur, No. 00 Civ. 9806 (SHS), 2009 WL 3754198, at *3 (S.D.N.Y. Nov. 5, 2009) (collecting cases).

---

[3] A revised scheduling order accompanies this Opinion providing roughly a two-month extension of the current discovery timetable.

Taberna asserts that joining the Litigation Trustee would expedite and simplify the action.  It claims that the Litigation Trustee "has access to and familiarity with" FMFC's books and records, reserve reports, income statements, and other financial documents "that directly relate to the allegations contained in the proposed Amended Complaint."  Moreover, Taberna states that the Litigation Trustee has access to many documents that were previously unavailable to Taberna because of privilege.

Defendant does not appear to disagree with plaintiff that the joinder of the Litigation Trustee would serve to expedite and simplify the action.  Defendant does, however, challenge the standing of the Litigation Trustee to participate in this suit, arguing that "a bankruptcy trustee lacks standing to bring a creditor's claim."  Defendant relies principally on Caplin v. Marine Midland Grace Trust Co. of N.Y., 406 U.S. 416 (1972), a case in which the Supreme Court held that a trustee in bankruptcy may not assert claims against third parties where such claims belong to the creditors of the bankrupt party rather than to the bankruptcy estate.  See id. at 434.[4]

---

[4] Defendant also opposes on the theory that the Litigation Trustee has exceeded the scope of his legal authority under the bankruptcy plan that appointed him.  The Court does not have before it a sufficient factual basis to conclude that the Litigation Trustee has acted ultra vires, nor is it convinced that this forum is the proper one for policing the scope of the Litigation Trustee's powers.

7

Defendant's standing argument is without merit.  Caplin was decided under circumstances in which a formal assignment of claims by the creditors had not occurred.  When the claims that a trustee seeks to sue upon are property of the bankruptcy estate itself, however, the legal analysis changes.  "In general, claims or choses in action may be freely transferred or assigned to others."[5]  Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 103 (2d Cir. 2007) (citation omitted).  The Second Circuit has held that a bankruptcy trustee who obtains valid assignments of claims is not prevented from suing on those claims simply because the assignee is a creature of bankruptcy.  See Semi-Tech Litig., LLC v. Bankers Trust Co., 272 F. Supp. 2d 319, 323-24 (S.D.N.Y. 2003) ("Semi-Tech"), aff'd and adopted, In re Bankers Trust Co., 450 F.3d 121, 126-27 (2d Cir. 2006) (adopting Semi-Tech "as the law of this Circuit"); In re CBI Holding Co., Inc., 529 F.3d 432, 453-59 (2d Cir. 2008) (surveying New York law and concluding that a bankruptcy trustee had standing to press claims assigned to it by a pre-bankruptcy creditor against the bankrupt corporation's accountants).[6]

---

[5] A "chose in action" is "an assignable contractual right to collect the funds owed by [a] debtor."  In re Halpin, 566 F.3d 286, 290 (2d Cir. 2009) (citation omitted).

[6] To support the proposition that Caplin prevents the Litigation Trustee from participating in this suit, Jaggi also relies heavily on three cases from outside the Second Circuit: Williams v. Cal. 1st Bank, 859 F.2d 664 (9th Cir. 1988); Grede v. Bank of

Taking the plaintiff's factual allegations as true, the Litigation Trustee, acting on behalf of the bankruptcy estate, is now the "real party in interest" in this litigation.[7] The proposed amended complaint alleges that, pursuant to the settlement agreement, Taberna and another party

> forever transferred, assigned, and set over unto the FMFC Litigation Trust . . . all of their right, title, and interest in and to all rights, claims, causes of action, and interests against former shareholders, directors, officers, and employees of [FMFC] and [FMCI], including but not limited to [defendant] . . . and all claims, whether currently asserted or not, in the action styled Taberna Capital Management, LLC v. Gupreet S. Jaggi [sic], Civil Action No. 1:08-cv-11355-DLC.

---

N.Y. Mellon, 409 B.R. 467 (N.D. Ill. 2009); and Mukamal v. Bakes, 383 B.R. 798, 809-14 (S.D. Fl. 2007). These cases are not persuasive. First, the Semi-Tech district court -- in a portion of the opinion adopted as Second Circuit law -- explicitly considered and rejected the Ninth Circuit's reasoning in Williams. See Semi-Tech, 272 F. Supp. 2d at 323-24; In re Bankers Trust Co., 450 F.3d at 123. Second, Grede was recently reversed by the Seventh Circuit, which held that "Caplin does not apply to the activities of a liquidating trust created by a plan of reorganization" where the liquidating trust accepts and sues on claims assigned to it by third-party creditors. Grede v. Bank of N.Y. Mellon, __ F.3d __, 2010 WL 1027573, at *4 (7th Cir. Mar. 18, 2010). Finally, Williams, Grede, and Mukamal each concerned circumstances in which the assignors had not surrendered their claims entirely and thus remained "real parties in interest."

[7] When "standing is challenged on the basis of the pleadings," the court "accept[s] as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Fulton v. Goord, 591 F.3d 37, 41 (2d Cir. 2009) (citation omitted); see also Baur v. Veneman, 352 F.3d 625, 631 (2d Cir. 2003).

In other words, Taberna, as assignor, retains no special interest in the litigation, because any recovery on the assigned claims will flow exclusively to the bankruptcy trust for distribution in accordance with the bankruptcy plan.  Cf. In re Bogdan, 414 F.3d 507, 513 (4th Cir. 2005) (allowing trustee to assert assigned claims where "the [assignors] in this case will recover, if at all, by sharing from the general assets of the estate on a pro rata basis with all other creditors").  These factual allegations suffice at this stage of the litigation to show that the Litigation Trustee has both standing and statutory authority to assert the assigned claims.

### III. Cross-Motion to Transfer Venue

Jaggi cross-moves to transfer this case to Arizona pursuant to the federal change-of-venue statute, which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The factors a court considers in making that determination include

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., __ F.3d __, 2010 WL 891323, at *6 (2d Cir. Mar. 15, 2010).  A district court has "broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).  The movant bears the burden of establishing, by clear and convincing evidence, that a transfer of venue is warranted.  N.Y. Marine, 2010 WL 891323, at *7.

Although the above analysis suggests that Arizona might also be a convenient forum, the interests of justice and trial efficiency weigh against transferring this case to Arizona.  The plaintiff's choice of forum -- "a decision that is given great weight," D.H. Blair, 462 F.3d at 107 -- was, and continues to be, New York.  This litigation has now proceeded over one year in this Court.  Plaintiff's expected trial witnesses are located in New York.  Finally, this Court already carefully considered, and rejected, the arguments offered by Jaggi when he previously moved for a transfer of venue to Arizona in March 2009.  Defendant offers no good reason for disturbing that ruling.

## IV.  Defendant's Motion for Summary Judgment

Finally, Jaggi has moved for summary judgment on the existing complaint, asserting lack of standing by Taberna as

well as various substantive flaws with Taberna's claims. Now that the pleadings are to be amended, the defendant's motion must be terminated as moot. "[A]n amended complaint ordinarily renders the original complaint of no legal effect. It is as though the original complaint was never served." <u>Lucente v. Int'l Bus. Machines Corp.</u>, 310 F.3d 243, 260 (2d Cir. 2002). Consequently, the defendant's motion must be dismissed.

## CONCLUSION

Taberna's January 20, 2010 motion for leave to amend and to join the Litigation Trustee as plaintiff is granted. The plaintiffs shall file their amended complaint in accordance with the scheduling order accompanying this Opinion. Defendant's November 25, 2009 summary judgment motion is terminated as moot.

SO ORDERED:

Dated:   New York, New York
         April 9, 2010

                                    _____
                                              DENISE COTE
                                    United States District Judge