UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

TABERNA CAPITAL MANAGEMENT,
LLC, and LARRY LATTIG, Litigation Trustee for
the First Magnus Litigation Trust, as Successor in
Interest herein to Taberna Capital Management,
LLC and The Bank of New York Mellon Trust
Company, N.A., in its Capacity as Trustee Under
The Indenture and Property Trustee for the
First Magnus TPS Trust

                                Plaintiff,

   - against -

GURPREET S. JAGGI,

                                Defendant.
-------------------------------------------------------------x

Civil Action No.
08 Civ. 11355 (DLC)

**DECLARATION OF MATTHEW THRASHER**

I, Matthew Thrasher, pursuant to 28 USC § 1746, declare as follows under penalty of perjury:

1. During the period of June 2006 through August 2006, I was an associate general counsel working in the legal department of First Magnus Financial Corporation ("FMFC"). As part of my employment, I was asked to, and assisted with, the due diligence process associated with a trust preferred securities transaction ("TPS Transaction") being considered by FMFC's newly formed holding company, First Magnus Capital, Inc. ("FMCI").

2. FMCI executed a letter of intent with Taberna Securities on June 30, 2006. On or around that same date, Taberna provided a document request and a "Taberna Trust Preferred Securities Due Diligence Questionnaire" to FMCI.

1

3. On July 17, 2006, I returned FMCI's completed response to the questionnaire to Thomas Bogal, who I understood to be part of Taberna's management team. Appendix of Exhibits in Support of Defendant's Motion for Summary Judgment[1] Exhibit I to Defendant's Statement of Facts in Support of Motion for Summary Judgment is a true and correct copy of my letter and the response to the questionnaire enclosed with it (the "Questionnaire Response").

4. I completed the Questionnaire Response with input from several knowledgeable personnel at FMFC who were responsible for and involved in the particular area if inquiry. I obtained the information regarding regulatory matters from employees of the legal department and risk management department involved in FMFC's regulatory audits and responses thereto. The total equity amount as of May 31, 2006, stated in response to Request No. 4 of the Questionnaire Response, was obtained from and is the same amount stated in FMFC's May 31, 2006 financial statements, which I understood to have been prepared in the ordinary course by FMFC's accounting department.

5. Also on July 17, 2006, I provided Mr. Bogal with documents for FMCI's response to Taberna's document request. The documents provided had been itemized in exhibits to the Questionnaire Response and included, among other things, FMFC's annual financial statements 2003-2005 audited by Grant Thornton, FMFC's interim balance sheet and statement of operations as of May 31, 2006, three final OIG audit reports, a draft OIG audit report dated "June XX, 2006," and FMFC's response to the draft audit report.

---

1 Further references to Exhibits are references to the exhibits to the appendix.

6.   In addition to the documents requested and provided, all of FCMI's and FMFC's personnel and records were available for interview, inspection, review and copying throughout the due diligence period. No requests for information or access to records or employees were refused.

7.   Exhibit FF contains true and correct copies of the year-end financial statements provided to Mr. Bogal (which were item 2(a) of the index in the response). Exhibit HH contains true and correct copies of the May 31, 2006 financial statements provided to Mr. Bogal (which were item 2(b) of the index in the response). Exhibit V is a true and correct copy of an OIG Draft Audit Report provided to Mr. Bogal (which was included within item 2(c) of the index in the response).

8.   Neither Mr. Bogal nor anyone else at Taberna requested any further information regarding the OIG audit reports.

9.   I advised Taberna's counsel, Rita Magnusen of the Kelley, Drye law firm, of the DFI action and in response to her request, provided her with a memo regarding the same on August 11, 2006. Exhibit BB is a true and correct copy of an e-mail exchange between her and me, sent and received on August 11, 2006, and the memo attached to the final e-mail as indicated. Neither Ms. Magnusen nor anyone else contacted me further or requested further information regarding the DFI action.

10.  Exhibit K is a true and correct copy of my e-mail exchange with Doug Lemke sent and received on August 15, 2006. As reflected in the e-mail exchange, FMCI made the

determination in August, 2006 that it would not proceed with the TPS financing as originally planned.

11. Exhibit X is a true and correct copy of my e-mail exchange with Tom Bogal sent and received on August 23, 2006.

12. Executed in Tucson, Arizona on October 20, 2010.

_____
Matthew Thrasher