UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
:
Taberna Capital Management, LLC,                           :
:
            Plaintiff,                  :   No. 08-cv-11355 (DLC)
:
:   **DECLARATION OF JACK SALMON IN**
      -against-                                    :   **OPPOSITION TO DEFENDANT'S RULE**
:   **56(B) MOTION FOR SUMMARY**
Gurpreet S. Jaggi,                                         :   **JUDGMENT**
:
            Defendant.                  :
:
-----------------------------------------------------------X

I, Jack Salmon, pursuant to the penalty of perjury, declare that the following is true:

1. I am over eighteen (18) years of age and am competent to testify regarding the facts set forth in this Declaration.

2. I make this Declaration in opposition to Defendant's Rule 56(b) Motion for Summary Judgment.

3. I have personal knowledge of the facts stated herein.

4. At all times relevant to this litigation, I was, and I am currently, the Chief Financial Officer and Treasurer of RAIT Financial Trust. I was one of four members of the Investment Committee for Taberna Capital Management, LLC ("Taberna") throughout 2006. As a member of the Investment Committee ("the Committee"), I was responsible for reviewing proposed transactions with borrowers and making the decision whether to enter into such transactions. In fulfilling these responsibilities, I reviewed the credit report discussing First Magnus Capital, Inc. ("FMCI") and its wholly owned subsidiary, First Magnus Financial Corporation ("FMFC") prepared and presented by Alvar Soosaar and others working with him.

The information contained in the credit report prepared was based on the due diligence that had been performed, including a review of the audited financial statements and certified responses to the due diligence questionnaire ("Questionnaire") and follow up conversations with FMCI's representatives. In making the decision to enter into the transaction with FMCI, the Investment Committee relied on the credit report, which was based, on the certified responses to the Questionnaire, among other things, in deciding to enter into the transaction with FMCI.

5. The Investment Committee reviewed the initial credit report for FMCI, but the Committee required additional information and a revised credit report for the transaction as Taberna had no prior dealings with FMCI or its owners.

6. Specifically, the Committee requested that background checks be performed on the principals to the transaction based on the fact that Taberna was considering entering into a business transaction with a new borrower.

7. I further asked for additional information into the status of FMCI's and its affiliates' efforts to operate a federal savings bank and a savings and loan holding company regulated by the Office of Thrift Supervision ("OTS"). These efforts were important to Taberna because this would add an additional layer of regulatory oversight to FMCI and its affiliates. It was my understanding that the funds FMCI was borrowing were to be used as the capital required to open and operate as a federal savings bank and savings and loan holding company.

8. Based on the information obtained during due diligence, including the certified responses to the Questionnaire, and presented in the credit report, the Investment Committee approved the transaction with FMCI.

Pursuant to 28 U.S.C. § 1746, I declare that the foregoing is true to the best of my knowledge, information, and belief.

Executed this ___ day of January, 2010.

_____
JACK SALMON